**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **GEORGE HOWARD CLAY,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-09-09 |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION & ORDER**

George Howard Clay ("Clay"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 1). Respondent has filed a Motion for Summary Judgment (Dkt. No. 17) to which Clay has responded (Dkt. No. 18). After considering the parties' arguments and the applicable law, the Court is of the opinion that Respondent's motion for summary judgment should be granted and that Clay's petition should be denied.

**I. Background**

Clay is incarcerated pursuant a judgment and sentence of the 24th District Court of Victoria County, Texas, in cause numbers 93-1-15, 109-A and 93-1-15, 110-A, styled *The State of Texas v. George Howard Clay*. (Dkts. No. 1, 3, 17.) Clay pleaded not guilty to delivery of a controlled substance, alleged to have been committed on August 24, 1992. *Ex parte Clay*, Application No. 27,366-01 at 22. Clay was convicted of two counts of unlawful delivery of a controlled substance on March 31, 1993. *Id*. He appealed the decision, and on June 30, 1994, the Thirteenth District

Court of Appeals affirmed the judgment. *Clay v. State*, Nos. 13-93-324-CR, 13-93-325-CR, slip op. (Tex. App.—Corpus Christi, June 30, 1994, no pet.). Clay has since filed eight state applications seeking habeas corpus relief. *See generally Ex parte Clay*, Application Nos. 27,366-01 through -08. The most recent was denied by the Texas Court of Criminal Appeals on April 8, 1998. *Ex parte Clay*, Application No. 27,366-08 at cover. Clay also filed several petitions seeking federal habeas relief. This court recently dismissed a federal writ petition on October 15, 2008. *Clay v. Quarterman*, No. V-07-83, 2008 WL 4615781 (S.D. Tex Oct. 15, 2008). Clay filed this petition (Dkt. No. 1) on January 27, 2009.[1]

## II. Claims and Allegations

The Court understands Clay to contend that his due process rights were violated based on the following grounds:

1. The Board of Pardons and Paroles "charged him with a crime and calculated offense begin date that does not exist";

2. He is serving an illegal sentence because the Board of Pardons and Paroles never convicted him of an offense committed on October 15, 1992;

3. His parole file contains incorrect information that caused him to be denied for consideration for parole; and

4. The Board of Pardons and Paroles denied him a hearing before his mandatory supervision release date was pushed back to a later date.

## III. Legal Standard

---

[1] A *pro se* prisoner's federal habeas corpus petition is filed on the date it is placed in the prison mail system. *Starns v. Andrews*, 524 F.3d 612, 616 n.1 (5th Cir. 2008). Clay dated his petition on January 27, 2009, which is the earliest date he could have placed the petition in the prison mail. (Dkt. No. 1.) Therefore, the court considers the petition filed on January 27, 2009.

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[2] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

---

[2] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

## IV. Discussion - Exhaustion

Respondent asserts that Clay has failed to exhaust available state remedies.[3] (Dkt. No. 17.) Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. *See Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997). Exhaustion requires that federal claims be fairly presented to the highest court of the relevant state. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). In Texas, a petitioner satisfies this requirement by presenting his claims to the Court of Criminal Appeals of Texas by filing a petition for discretionary review or, in post-conviction matters, by filing a state application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Richardson v. Procunier*, 762 F.2d 429, 431–32 (5th Cir. 1985).

Although Clay has filed several state applications seeking habeas relief, a review of Clay's claims in the present federal habeas corpus application and the Respondent's affidavit reveals that he did not present his current claims to the Texas Court of Criminal Appeals. Clay's federal petition addresses actions of the Board of Pardons and Paroles and his parole file. He has never argued such contentions before the Texas Court of Criminal Appeals. *Ex parte Clay*, Application Nos. 27,366-01 and -02 (claiming ineffective assistance of counsel, illegal search and seizure, and extreme prejudice in punishment); Application Nos. 27,366-03 and -04 (disputing trial evidence, claiming ineffective assistance of counsel); Application Nos. 27,366-05 and -06 (challenging disciplinary board sanctions); Application Nos. 27,366-07 and -08 (alleging fraud by the district attorney and race discrimination by the court). Even in his application Clay admits that "the present grounds are presented for the first time." (Dkt. No. 1 at 8.) Because Clay did not give the Court of Criminal Appeals a fair opportunity to review the substance of his present claims, the allegations were not

---

[3] Respondent also asserts that Clay's petition is barred from review because it is successive. However, since Clay's petition can be dismissed for failure to exhaust state court remedies, the court need not address whether the petition is successive.

exhausted. Based on Clay's procedural errors, he failed to exhaust state court remedies concerning these claims.

In addition, Clay must exhaust his administrative remedies before filing a state application for writ of habeas corpus challenging the start date of his sentence. Under Section 501.0081 of the Texas Government Code, a petitioner cannot file a writ of habeas regarding time-served credit error until he (1) has presented his claims to the TDCJ-CID and received a written decision, or (2) has not received a written decision within 180 days or was within 180 days of his release when he filed the application. TEX. GOV'T CODE § 501.0081(b) (West 2007). Clay has failed to comply with the administrative requirements. He has not filed a time dispute resolution form with the TDCJ-CID (Dkt. No. 17 Exh. B). Moreover, Clay is not within 180 days of release and he has not alleged that he ever sought resolution of his time-credit complaint. As a result, Clay has failed to provide the TDCJ-CID with a fair opportunity to address his claim that his sentence has been improperly calculated. Thus, Clay's claims are completely unexhausted and this action shall be dismissed without prejudice.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Clay has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v.*

*Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address sua sponte the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court has determined that Clay has not made a substantial showing that reasonable jurists would find the Court's rulings to be debatable; therefore, a COA from this decision will not be issued.

## VI. Conclusion

For the reasons stated above, the court ORDERS the following:

1. Respondent's Motion for Summary Judgment (Dkt. No. 17) is GRANTED.

2. Clay's Petition for Writ of Habeas Corpus (Dkt. No. 1) is DISMISSED.

3. A Certificate of Appealability shall not issue.

Signed this 18th day of August, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE